OPINION
{¶ 1} On October 11, 1987, appellant, Wilburn DeVault, and appellee, Betty DeVault, were married. On April 24, 2003, appellee filed a complaint for divorce.
 {¶ 2} On April 30, 2003, appellee filed a petition for a civil protection order. A hearing was held on May 27, 2003. By order filed June 4, 2003, the trial court granted the petition and awarded exclusive possession of the residence to appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court committed an abuse of discretion in finding that the defendant/appellant had committed an act of domestic violence and in awarding the residence to the plaintiff/appellee for a five-year period."
 II {¶ 5} "The civil protection statute in removing the defendant from the Marital residence is unconstitutional and constitutes a denial of due process."
 III {¶ 6} "The trial court, in its Common Pleas General Division Capacity, referred this cause to the Domestic relations division and was therefore, without the jurisdiction to hear the domestic violence civil protection order."
 IV {¶ 7} "The statutory framework in § 3113.31 violated collateral estoppel as the divorce case had already been filed and temporary orders had been requested before the filing of the civil protection case."
 I {¶ 8} Appellant claims the granting of the civil protection order was against the manifest weight of the evidence, and the trial court abused its discretion in barring him from the marital residence. We disagree.
 {¶ 9} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 10} Appellant argues he should not have been barred from the residence as said residence is his separate property. The record does not support this claim. Appellant also argues the trial court barred him from the residence just because he threw a channel changer at appellee, striking her. We disagree this was the sole fact supporting the trial court's decision.
 {¶ 11} The testimony establishes that beginning on Thursday and ending on Sunday, when the sheriff was called, appellant picked up a gun, shook it at appellee and told her "look, bitch, don't piss me off" (T. at 20-21); threatened his son and invited him to fight him (T. at 8, 14); threatened to "get rid" of appellee and put her in a hole so deep no one would ever find her (T. at 13, 26); ripped off the refrigerator door (T. at 26); and argued and kept appellee up all night. T. at 7-8, 27.
 {¶ 12} Both appellee and her son, Daniel DeVault, testified appellant's actions placed them in fear for her life. T. at 11-12, 21-22. Appellee stated she believed appellant was going to shoot her. T. at 30.
 {¶ 13} Based upon these facts, we find sufficient credible evidence to support the trial court's decision.
 {¶ 14} Assignment of Error I is denied.
 II {¶ 15} Appellant claims the civil protection statute is unconstitutional. We disagree.
 {¶ 16} Appellant failed to challenge the constitutionality of the statute at the trial court level. As stated by the Supreme Court of Ohio in State v. Awan (1986), 22 Ohio St.3d 120, syllabus:
 {¶ 17} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."
 {¶ 18} Appellant also argues the marital residence is his separate property. The record does not support this claim. T. at 38.
 {¶ 19} Assignment of Error II is denied.
 III {¶ 20} Appellant claims the general division trial court lacked "jurisdiction" to hear the matter because the case had been transferred from the general division to the domestic relations division on May 9, 2003, prior to the hearing on May 27, 2003. We disagree.
 {¶ 21} We note pursuant to R.C. 2301.02, the general division judge and the domestic relations judge are one and the same. Therefore, although the case may appear on the domestic relations docket as a result of the May 9, 2003 transfer, the trial court still had jurisdiction to hear the matter.
 {¶ 22} Assignment of Error III is denied.
 IV {¶ 23} Appellant claims the trial court's decision was in error as a complaint for divorce was pending and said action should have controlled the residence issue. We disagree.
 {¶ 24} The trial court specifically indicated the divorce action may have some impact on the protective order:
 {¶ 25} "The court would further note that the parties do have a pending divorce action before the domestic relations portion of this court, and no additional orders would be appropriate here, understanding that that divorce action will take its — will take its standard course. And the court will order whatever appropriate order as a result of that divorce action in addition to this civil protection order." T. at 56.
 {¶ 26} Upon review, we find no abuse of discretion or error of law in granting the civil protection order.
 {¶ 27} Assignment of Error IV is denied.
 {¶ 28} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Boggins, J., concur.